UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MARK GUERRA a/k/a<br>MEGAPREVENTIONRX,<br><br>        Defendants. | HONORABLE JOSEPH H. RODRIGUEZ<br><br>Civil No. 15-7143 (JHR/AMD)<br><br>**OPINION** |

This matter is before the Court on Defendant's motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, Defendant's motion will be denied.

Background

The Court previously set forth the general background of this copyright infringement suit brought by Plaintiff Live Face on Web, LLC ("LFOW") against then Defendants MegapreventionRx, LLC and Mark Guerra. The Amended Complaint alleges facts consistent with those in the Court's prior Opinion, but with further detail, and defunct entity MegapreventionRx has been dropped from the suit.

LFOW develops computer software. (Am. Compl. ¶ 9.) The copyrighted software at issue allows a website to display a video spokesperson who walks and talks on the computer screen, directing a website visitor's attention to certain aspects of the website.  (Id. ¶ 10.) Defendant's website, www.megapreventionrx.com, allegedly has this video spokesperson functionality. (Id. ¶ 18-20.) "[I]n order to display the web spokesperson video on Defendant's website, Defendant [allegedly] used, copied, and distributed" LFOW's software without permission.  (Id. ¶ 21.)

The Amended Complaint alleges that each time a person visits Defendant's website and views the video spokesperson, a separate violation of LFOW's copyright occurs. (Id. ¶ 26.) LFOW explains, "[w]hen a web browser is directed to a website linked to the LFOW Software, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Software. The LFOW Software is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into computer memory and/or RAM (random access memory). As a result of the distribution of the LFOW Software, the specific web spokesperson video is automatically launched and displayed . . . on the . . . website." (Id. ¶ 14.) That is, in order for the video spokesperson to appear on Defendant's website, the website causes a copy of LFOW's copyrighted software code to be distributed to each website visitor. (Id. ¶¶ 28-29.)  According

to LFOW, this "volitional distribution of the infringing version of the LFOW Software by Defendant to his website visitors was seamless and transparent for the website visitors, who were able to view the video spokesperson . . . by virtue of receiving the copy of the infringing version of the LFOW Software." (Id. ¶ 29.) The Amended Complaint asserts only one claim: "direct, indirect and/or vicarious" copyright infringement. (Id. ¶ 41.)

### Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed.R.Civ.P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

## Analysis

Defendant argues that the Amended Complaint fails to state a claim for copyright infringement in that there are no allegations of unlawful copying. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). Only the second element is at issue in this motion. "Copying is a shorthand reference to the act of infringing any of the copyright owner's . . . exclusive rights set forth at 17 U.S.C. § 106." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002) (internal citation and quotation omitted). "The exclusive rights implicated in this suit are the first three enumerated by § 106: the right '(1) to reproduce the copyrighted work in copies . . .; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.'" Live Face on Web, LLC v. Emerson Cleaners, Inc., 66 F. Supp. 3d 551, 554 (D.N.J. 2014).

The Court finds that LFOW has sufficiently pled a claim for direct copyright infringement[1] by alleging that Defendant's website causes a copy of the LFOW Software to be automatically downloaded to the website visitor's computer in cache, memory and/or hard drive. (Am. Compl. ¶ 26.) See Emerson Cleaners, 66 F. Supp. 3d at 555. "The specific technological mechanism by which this is accomplished may be explored during discovery." Id. Besides sufficiently alleging that Defendant reproduced the computer code, the Amended Complaint also alleges that Defendant's website distributed copies of the code to each of the website's visitors. (Am. Compl. ¶¶ 21, 26.) Whether Defendant's actions were unauthorized or unlawful is not an appropriate issue at this stage of the litigation.

Of course, individuals may be liable for copyright infringement. Columbia Pictures Indus. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984) ("An officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant."). The Amended Complaint alleges:

> Upon information and belief, Defendant Peter Guerra ("Guerra") is a resident of New Jersey and the owner and/or managing member of MegapreventionRx and the subject website(s) at issue here. Guerra is the owner and/or chief executive officer of MegapreventionRx, and

---

[1] Accordingly, the Court need not address whether the Amended Complaint pleads "access to" the infringed upon work to support an inference of copying. While the instant motion discusses direct and indirect infringement, it does not argue separately against vicarious liability.

was responsible for registering the subject website(s) at issue in this action and controlling the content of, modification to, and distribution of infringing source code from the subject website(s) at issue in this action. Additionally, Guerra was the administrative contact for the subject website(s) at issue in this action.

(Am. Compl. ¶ 3.) The Court finds this sufficient to withstand the instant motion.

## Conclusion

For these reasons, Defendant's motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim will be denied. An appropriate Order will be entered.

Date: March 21, 2017

          /s/ Joseph H. Rodriguez
          JOSEPH H. RODRIGUEZ
          UNITED STATES DISTRICT JUDGE